### JOHN D. WILSON *vs.* GENERAL MUTUAL INSURANCE COMPANY.

An insurance against barratry of the master of a vessel does not apply if the master was himself part owner, since such master is legally incapable of committing an act of barratry against the other owners.

IN this case, tried before *Shaw*, C. J., at the April term, 1852, a nonsuit was directed, subject to the opinion of the whole court. The nature of the question involved appears from the arguments and the opinion.

*T. G. Coffin & T. D. Eliot*, for the plaintiff. This action is assumpsit to recover upon a policy of insurance underwritten by the defendants upon the bark Harriet, of Freetown, for barratry of the master. It was admitted by the plaintiff, that Durfee, the master, was part owner of the bark, and for the purposes of settling the question raised at bar, it was admitted that he did commit an act of barratry, by which the plaintiff has sustained a total loss of his portion of the property insured.

The single question submitted to the consideration of the court, is this: Can the captain of a ship, of which he is part owner, commit an act of barratry against the other part owners?

We contend he can, unless the part owners are party or privy to the barratrous acts. In this commonwealth, our policies insure against the barratry of the master and mariners, unless the assured be owner. Lord Mansfield said, it was extraordinary that barratry of the master should have crept into insurance and remained so long; for the underwriter insures the conduct of the master (whom he does not appoint, and cannot dismiss,) to the owner, who can do either. *Nutt* v. *Bourdieu*, 1 T. R. 323. Against this state of things policies are guarded in this commonwealth. But in New York, where the present policy was made, no such restriction obtains; and in the policy in suit, the barratry of the master and mariners is expressly insured against.

Against whom can barratry be committed? Against the

owner, by the master. Such is the case at bar; Durfee was master, the plaintiff was owner. *Vallejo* v. *Wheeler*, 1 Cowp. 143. In the case quoted, Lord Mansfield said, an owner cannot commit barratry, because the words used in the policy are " barratry of the master and mariners," not of the owner. But the master who happens to be part owner, against whose barratrous acts the plaintiff, being another part owner, has insured, may surely commit acts of barratry, and that, too, against his part owners.

The reasons given why an owner cannot commit barratry, are, 1st. Because his acts and doings are not matter of insurance. And 2d. Because he cannot take advantage of his own wrong. And 3d. That if he commits acts in relation to the freighter, which would be barratry in the master, he is liable for his fraudulent conduct to the freighter. And in such case, if the owner were master, he would recover against the underwriter for a loss occasioned by his own act. But it was by no act of the plaintiff that loss was sustained. And, therefore, he is not within the meaning of the rule. Durfee is strictly within the meaning of the decisions. Marsh. on Ins. 445, (ed. 1805); *Ross* v. *Hunter*, 4 T. R. 33.

Phillips says, barratry, being an act prejudicial to the owners, and done without their consent, it is plain that it cannot be committed by a master who is owner or part owner of the vessel. 1 Phill. on Ins. § 1082. And he cites *Marcardier* v. *Chesapeake Ins. Co.* 8 Cranch, 39. The principle decided in that case does not sustain the quotation. The master was sole owner, and had the general papers of the ship. And so in *Hobbs* v. *Hannam*, 3 Camp. 93, the owner was on board and consented to running the ship on shore. In *Taggard* v. *Loring*, 16 Mass. 336, the master was owner of the voyage, and so brought him within the exceptions to barratry. *Saville* v. *Campion*, 2 Barn. & Ald. 503; *Cook* v. *Commercial Ins. Co.* 11 Johns. 40. In *Stone* v. *National Ins. Co.* 19 Pick. 34, the objection taken to the recovery was, that the plaintiff was mate, and, therefore, one of the crew, and could not recover for barratry of the mariners. " But," says Mr. Justice Putnam, " we think the plaintiff was acting in two capacities

one as mate, another as freighter." We think, in the present case, that the master was acting only in one capacity, that of master, and though he was in fact a part owner, he was bound to do and perform all that the purposes and pursuit of the voyage required of him; and failing to do so wilfully and fraudulently, it was barratry, and for that we should have our remedy upon the policy.

*J. H. Clifford*, for the defendants.

SHAW, C. J. Assumpsit on a policy of insurance by Wilson, for himself, and whom it may concern, on the bark Harriet, and outfits, on a whaling voyage from Freetown, during her cruising, &c., until her return to Freetown. The ground of loss relied on was, the barratry of the master.

On opening the cause, it appeared that Joseph Durfee, the master for the voyage, was part owner of the vessel, and, indeed, his name appears upon the policy, as one of the persons, for whom the insurance was made. No other loss being charged, within the perils insured against, except barratry of the master, a nonsuit was directed, subject to the opinion of the court; on the ground that barratry could not be committed by the master, so as to charge the underwriters with the loss, if the master was himself part owner of the vessel. A motion is now made to set aside the nonsuit, because such direction was incorrect in point of law, and this motion has been argued by counsel.

Had this been a Boston policy, the question could hardly have arisen, because we believe these policies have long contained a clause, by which barratry of the master is included amongst the perils insured against, but qualified with this limitation, "unless the assured are owners of the vessel." But this is said to be a policy in the New York form, in which barratry of the master is insured against in general terms, without any such exception or qualification.

This being a policy, in which loss by barratry of the master is one of the perils insured against, the only question is, whether a master, who is himself part owner, can commit barratry. It is conceded, that if he were sole owner, he could not commit barratry, and although he may commit

various wrongful, fraudulent, illegal, and injurious acts, affect-
ing the rights of shippers of goods, consignees, and others,
still it would not be barratry; because barratry, *ex vi termini*,
as used in English and American policies, means fraudulent
and injurious conduct by the master, acting in the relation of
master to the owner, contrary to the orders and instructions,
against the interest and rights of the owners, and without
their consent; which cannot be done, if he is owner as well
as master. He cannot commit a fraud upon himself, he can-
not act without his own knowledge and consent, and, there-
fore, cannot commit barratry; but it is contended that the
same reasons do not exist, where the master is part owner
only.

No case has been cited, English or American, it is believed,
which warrants this distinction, nor do we think it warranted
by the principles which govern the rights of parties, in regard
to barratry, as a peril insured against. Perhaps there is no
reason, *a priori*, why those who have policies on cargo or on
goods, and who have no voice in the appointment or removal
of the master, or giving him authoritative instructions respect-
ing the navigation of the ship, and the conduct of the voy-
age, should not be insured as well against the fraud and mis
conduct of the master in all cases, as against the like conduct
of the master, where he does not happen to be owner; but
the distinction has been long established, is well understood,
and, therefore, constitutes a part of the contract of insurance.
In the last case it is barratry, and, therefore, it is insured
against by the words of the policy; in the former, it is not
barratry, and, consequently, the underwriter is not liable for it.

The subject of loss by barratry of the master, as a peril
insured against, was recently considered in the case of *Law-
ton* v. *Sun Mutual Ins. Co.* 2 Cush. 500, in which most of the
authorities on the subject were cited in the arguments of
counsel, except the recent work of Arnould, since published.
It is, therefore, unnecessary to cite the familiar definitions of
barratry at length: one or two only will be sufficient. In *Nutt*
v. *Bourdieu*, 1 T. R. 323, it is defined; " something criminal,
committed against the owner by the master or mariners." In

*Earle* v. *Rowcroft*, 8 East, 126, it is said that in marine insurance, barratry is founded " in the particular relation which subsists between master, mariners, and owners, by which a loss may happen to the subject-matter." In *Vallejo* v. *Wheeler*, 1 Cowp. R. 143, the act of the master was held to be barratry, because he was acting for his own benefit, without the consent and privity of the owner. Acting for his own interest and against the interest of his owner, may be a strong circumstance tending to prove barratry, but is not an essential ingredient in that fraud or misconduct towards the owner, which constitutes barratry, but it must be without his consent or privity.

All the cases of barratry presuppose two distinct parties, that of owner, and master of a vessel, between whom certain relations subsist; and that out of this relation grow certain mutual rights, duties, and obligations; and barratry is a violation on the part of the master, of some of these duties and obligations, by fraud or misconduct, from which a loss ensues, either of vessel or goods. Against these losses, by the terms of the policy, the underwriter insures; but against similar wrongs, even if they go to the extent of running away with vessel and cargo, if the master be owner, the underwriters are not responsible; or if the acts are done with the authority or under the express directions of the owners, the underwriters are not responsible, simply because they are not barratry, though equally injurious to third parties. The violation of their relative duties, being of the essence of barratry, we think it cannot be committed by a master, who is part owner. Both relations of master and owner uniting in him, he cannot commit barratry, because he cannot commit any act without his own consent and privity.

It was urged in the argument, as a reason why the part owner, and not the master, should be allowed to recover in this case, that the interests of part owners in a vessel are not joint, but several, that there is no legal privity between them, and they are to stand as if they owned by separate titles. But we apprehend this is mistaking the principle on which the rule is founded. Separate owners of goods have no joint

interest with each other or with the vessel; they have no voice in the appointment or removal of the master, and yet being insured against barratry, their rights are governed by the same rules, as those of ship-owners insured against the same peril. If the malversation amounts to barratry, they may recover, otherwise not; and the question, whether it is barratry or not, depends on the same consideration; viz· whether there is a violation of duty in relation of master t owners.

We have said that we are not aware of any decided ca directly in point; we believe that the precise point has not been discussed, or drawn in question in any case. But the fact can hardly be said to be without authority. In the leading case, *Nutt* v. *Bourdieu*, 1 T. R. 323, it is pointedly stated by Lord Mansfield, that an owner cannot commit barratry. He may make himself liable for his fraudulent conduct to the owner of the goods, but not as for barratry. Mr. Arnould, in his excellent treatise on insurance, says, after stating by and against whom barratry may be committed: " Upon the same principle, it is clear, that barratry cannot be committed by a master who is owner or part owner of the vessel." 2 Arn. on Ins. 837, and he cites *Ross* v. *Hunter*, 4 T. R. 33, and *Marcardier* v. *Chesapeake Ins. Co.* 8 Cranch, 39; 1 Phillips on Ins. § 1082.

It was said in the argument, that the authorities cited do not warrant the conclusion stated in the text, because they were not the case of a part owner and master, in a case charging barratry. We are inclined to think that this is correct; the passages, therefore, can only be regarded as an application of the principle to this particular case, by writers who have devoted much learning and time to the investigation of principles, and who have stated these as their results.

The court are, therefore, of opinion, that the nonsuit was rightly ordered; the plaintiff, on his own showing, has no legal ground of action, and judgment must be entered for the de fendants.